UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

CASE NO.:

IN RE:

PETITION OF THEODORE CAVALIERE as owner *pro hac vice* of and for M/V *Knot a Fluke,* a 2025 21' Bayliner Marine Corp. FL7740TY, bearing Hull Identification No. BLBX1925A525, her engines, tackle, and appurtenances, for Exoneration from or Limitation of Liability,

Petitioner.
_______________________________/

**PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

Petitioner, THEODORE CAVALIERE ("Petitioner"), as owner *pro hac vice* of M/V *Knot a Fluke,* a 2025 21' Bayliner Marine Corp. FL7740TY (hereinafter the "Vessel"), bearing Hull Identification No. BLBX1925A525, by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), hereby respectfully petitions this Court for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on or about September 13, 2025, on the navigable waters of the United States near Pinellas County, Florida, and as grounds therefore states as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9(h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* and Supplemental Admiralty Rule F, governing Limitation of Liability actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§1331, 1333 and 46 U.S.C. §30501 *et seq.*

4. At all times material hereto, the Vessel is and has been located within the territorial limits of the United States District Court for the Middle District of Florida. Therefore, venue is proper in this District pursuant to Supplemental Rule F(9).

5. At all times material hereto, Petitioner resides in Trinity, Florida.

6. At all times material hereto, Petitioner has been owner *pro hac vice* of the Vessel by reason of his rental and dominion and control over the vessel at the time of the incident described herein.

7. Petitioner seeks exoneration pursuant to Supplemental Rule F (2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 305 *et seq.*

8. At all times material hereto, the foregoing Vessel was in all respects seaworthy and suitable for use as a vessel on the navigable waters of the United States.

9. At all times material hereto, Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable machinery, apparel, appliances, personnel and other appropriate

and necessary equipment, all in good condition and suitable for his intended operations.

10. At all times material hereto, Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel.

11. The events, acts, and circumstances giving rise to this Petition occurred in the waterways in Pinellas County, Florida, specifically in the Gulf of America in the area of Tarpon Springs, Florida.

12. Freedom Boat Club ("FBC") was the titled owner of the Vessel at the time of the referenced incident. Petitioner is a FBC member who operated the Vessel on the date of a personal injury giving rise to this action. The Vessel was carrying four (4) occupants at the time of the incident.

13. On or about September 13, 2025, Petitioner was in the process of setting a two-anchor system for the Vessel, intending to deploy a bow anchor and a stern anchor to secure the vessel near the shoreline. Without warning and contrary to any instruction given, a passenger named Raphael unexpectedly and voluntarily entered the water in the vicinity of the vessel's stern, placing himself in proximity to the vessel's propeller. Petitioner had no advance notice of, and no reasonable opportunity to anticipate or prevent, Raphael's decision to enter the water at that time and in that manner. The Vessel's propellor cut Raphael's calf ("the incident").

14. The actions of Raphael in entering the water unexpectedly and without instructions to do so were unforeseeable and outside the control of Petitioner. Petitioner had no knowledge, actual or constructive, of any condition, act, or omission


McALPIN FLOREZ MARCOTTE, P.A.
9130 S. DADELAND BLVD., SUITE 1900, MIAMI, FLORIDA 33156 * TEL (305) 810-5400

that caused or contributed to the incident, and Petitioner could not have prevented the incident through the exercise of reasonable care.

15. At all times material, prior to the incident, the FBC Vessel's voyage originated at FBC's Tarpon Landings Marina location in Tarpon Springs, Florida, around 11:00 a.m. EST on September 13, 2025, for an intended round-trip, same-day voyage, returning to the same location.

16. The FBC Vessel's voyage terminated after Raphael reboarded the Vessel, at which point the Vessel returned to the same Marina at approximately 12:30 p.m. EST on September 13, 2025, in the area of Tarpon Springs, Florida, To Petitioner's knowledge, the FBC Vessel is currently at the same location (33 Oscar Hill Road, Tarpon Springs, FL 34689) within FBC's possession.

17. The FBC Vessel did not sustain damage as a result of the incident. The vessel is not found to be a "total loss".

18. At all times material hereto, the FBC Vessel was less than 100 gross tons, the FBC Vessel had a total of four (4) persons on board, none of the persons on board were passengers for hire, the FBC Vessel was not chartered with crew provided or specified by FMS or FBC, nobody from FMS or FBC was on board the FBC Vessel or otherwise in real-time communication with the FBC Vessel, the FBC Vessel was not a submersible vessel, the FBC Vessel was not a ferry, the FBC Vessel was not a wing-in-ground craft, and the FBC Vessel was not on an overnight voyage.

19. Guests on Petitioner's Vessel, namely Raphael Meillet and Anne-Sophie Letang, have communicated that, during the Incident, they and/or other passengers sustained personal injuries.

20. Petitioner is otherwise unaware of any other demands, written notices, actions or proceedings as a result of the Incident.

21. Pursuant to Supplemental Rule F(2) and 46 U.S.C. §30501 *et seq.*, Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages and losses of whatever description arising out of the aforesaid incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

22. Petitioner is entitled to limitation or complete exoneration of liability pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 et seq., as an owner *pro hac vice* of the subject vessel. While Petitioner did not hold formal title to the vessel, Petitioner exercised sufficient operational control and command over the vessel at the time of the incident, warranting the protections afforded under maritime law. At all relevant times, Petitioner acted prudently, exercised due diligence, and had no privity or knowledge of any condition that rendered the vessel unseaworthy or contributed to the incident. Moreover, there is no evidence that Petitioner acted with negligence or willful misconduct in operating the vessel. Accordingly, Petitioner is entitled to limitation or, in the absence of proven fault, complete exoneration from liability.

## COUNT I - EXONERATION

23. Petitioner reasserts allegations set forth in paragraphs one (1) through twenty-two (22) above as if fully set forth at length herein.

24. At all times material prior to the alleged Incident, the Petitioner exercised due diligence to make the Vessel seaworthy in all respects and to properly man, equip, outfit and supply the Vessel with suitable engines, machinery, apparel, appliances, personnel and other appropriate and necessary equipment, all in good condition and suitable for his intended operations.

25. The Vessel was, at all times relevant to the alleged Incident described herein, completely seaworthy and free of any defect or deficiency in her hull, equipment and machinery. Petitioner employed regular inspection practices to ensure the Vessel was properly equipped and outfitted at all times material to the subject Incident.

26. There was no negligence on the part of the Petitioner that caused or contributed to any alleged injury or loss or damage sustained by Raphael Meillet, or and/or any other potential claimants herein.

27. At all times material hereto, Petitioner exercised reasonable care under circumstances.

28. The Vessel, at all times material to this action, was reasonably manned, utilized and operated.

29. Pursuant to Supplemental Rule F, Petitioner alleges he is entitled to exoneration as the damages sustained by Raphael Meillet or any other potential claim

arising from the Incident was not the result of any fault or neglect attributable to Petitioner.

WHEREFORE, pursuant to the provisions of Supplemental Rule F (2), Petitioner must be exonerated from all fault and legal responsibility for said incident.

## COUNT II – LIMITATION OF LIABILITY

30. Petitioner reasserts allegations set forth in paragraphs one (1) through twenty-two (22) above as if fully set forth at length herein.

31. Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limitation to the amount or value of the interest of said Petitioner in the Vessel following the Incident resulting in a fatality, personal injuries, and property damages or other potential claims arising from the Incident as the Incident occurred without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. § 30505.

32. The Vessel was within the jurisdiction of this Court at the time of the Incident.

33. Petitioner avers the fair market value of the Vessel at the time of the Incident was no more than Forty-Seven Thousand Two Hundred Fifty-Three Dollars ($47,253.00), as reflected in FBC's Corporate Fleet Schedule for the applicable policy period.

34. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court in conjunction herewith, as security for the benefit of claimant(s), a Letter of Undertaking from their insurer in the sum of $47,253.00, plus interest at 6%

per annum from September 13, 2025, said sum being the value of Petitioner's interest in the Vessel following the incident, attached hereto as **Exhibit "1".**

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Petition, citing them to appear and answer the allegations of this Petition according to the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the Incident as set forth in this Petition, except in the present proceeding;

c. This Honorable Court approve the Letter of Undertaking as security for the potential claims subject to the Claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

    i. That Petitioner is not liable to any extent, but is exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the Incident; or


McALPIN FLOREZ MARCOTTE, P.A.
9130 S. DADELAND BLVD., SUITE 1900, MIAMI, FLORIDA 33156 * TEL (305) 810-5400

ii. That if the Petitioner shall be judged liable, then such liability shall be limited to the value of his interest in the Vessel immediately following the Incident and be divided in accordance with the Claimants as may duly prove their claims, saying to all parties any priorities that they may be legally entitled and that a decree may be entered discharging Petitioners of all further liability;

e. That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: September 8, 2026

**RESPECTFULLY SUBMITTED,**

By: */s/ George S. Florez*
Richard J. McAlpin, Esq.
FL Bar No.: 438420
George S. Florez, Esq.
FL Bar No.: 127331
**McALPIN FLOREZ MARCOTTE, P.A.**
9130 S. Dadeland Blvd., Suite 1900
Miami, Florida 33156
(305) 810-5400 Tel.
(305) 810-5401 Fax
RMcAlpin@mfm-maritime.com
GFlorez@mfm-maritime.com
JCohen@mfm-maritime.com
DDuran@mfm-maritime.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of September 2026, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: */s/ George S. Florez*
George S. Florez, Esq.